IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY SMITH-HILL
34 West Pomona Street
Philadelphia, PA 19144

                    NO.

     vs.

WALDEN UNIVERSITY, LLC
650 South Exeter Street             JURY TRIAL DEMANDED
Baltimore, MD 21202

       and

LAUREATE EDUCATION, INC.
650 South Exeter Street
Baltimore, MD 21202

## COMPLAINT

### PARTIES

1. Plaintiff SHIRLEY SMITH-HILL (hereinafter referred to as "Smith-Hill") is an adult individual residing at the address captioned above.

2. Defendant WALDEN UNIVERSITY, LLC (hereinafter referred to as "Walden") is limited liability company organized and existing under the laws of the State of Florida with a principal address as set forth above.

3. Defendant LAUREATE EDUCATION, INC. (hereinafter referred to as "Laureate") is a corporation organized and existing under the laws of the State of Maryland with a principal address as set forth above.

### JURISDICTION AND VENUE

4. This Court has jurisdiction to decide Plaintiff's claims pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the parties are citizens of different States.

5.      Venue is proper in this Court since all of the events at issue took place in the Eastern District of Pennsylvania.

6.      A trial by jury is demanded.

## FACTS

7.      Walden University is an Internet-based educational institution owned by Walden and operated by Laureate as part of the Laureate network of campus and Internet-based colleges and universities.

8.      Smith-Hill began her studies at Walden as a student in the Doctor of Philosophy program of the College of Social and Behavioral Science during the Summer Quarter of 2000.

9.      The required format, style and content of dissertations prepared by doctoral candidates at Walden University is set forth in a document entitled "The Proposal and Dissertation Guidebook" (hereinafter referred to as the "Guidebook").

10.     On or about December 27, 2007, after Smith-Hill successfully completed the required course work, the Walden University Institutional Review Board approved Smith-Hill's application for a dissertation study entitled "Evaluating Early Child Care Programs to Improve Long-Term Outcomes."

11.     Walden faculty members Dr. James Greenstone, Dr. George Ayers and Dr. Donald Fausel were appointed to serve as Smith-Hill's dissertation committee.

12.     On or about April 4, 2008, after working with her committee and completing her dissertation in the format, style and with the content required by the Guidebook, Smith-Hill undertook an oral defense of her dissertation before the committee.

13. The committee found the dissertation and her oral defense acceptable.

14. On or about April 22, 2008, as required by Walden policy, the Walden University Research Center forwarded Smith-Hill's dissertation and a "Proposal/Dissertation Rubric" to Dr. Gary Burkholder, Vice President of the College of Health Sciences, for the purpose of performing an academic review of the dissertation on behalf of Walden University.

15. On or about May 2, 2008, Dr. Burkholder found the dissertation unacceptable because, in his opinion:

   a. The literature review was not as comprehensive or exhaustive as expected in a dissertation;

   b. There was no reliability or validity analysis of the instruments;

   c. The dissertation was unclear as to how Smith-Hill could assess the day care centers that she was analyzing;

   d. No inferences could be made by looking at and comparing means;

   e. Determining the way parents think about day care from demographic data was misguided and

   f. Chapter 5 of the dissertation was a copied version of Chapter 4 with no critical analysis and social change implications.

16. Smith-Hill immediately disputed Dr. Burkholder's findings with both her committee and Walden.

17. On or about September 23, 2008, Walden offered to permit Smith-Hill to present her dissertation to another academic reviewer.

18. On or about June 11, 2009, Smith-Hill accepted Walden's offer.

19. Smith-Hill, with the guidance of her committee and the assistance of Amy E. Freigruber, Ph.D., revised the dissertation to address the issues raised by Dr. Burkholder.

20. On or about July 4, 2009, the University Research Center forwarded Smith-Hill's revised dissertation to Dr. Daniel Weigand, Associate Director of the Center for Research Support, for the purpose of performing a second academic review of Smith-Hill's dissertation.

21. On or about July 9, 2009, Dr. Weigand found the dissertation unacceptable and demanded revisions to all chapters of the dissertation because, in his opinion:

    a. There was not sufficient clarity in the rationale for the study;

    b. There was not sufficient clarity in the description of the research questions and hypotheses and

    c. There was not sufficient clarity in the methodology employed and results generated.

22. Dr. Weigand also found fault with the methodology of the study and the data collected, but concluded that under Walden's policy, he was unable to demand that Smith-Hill change either her methodology or collect additional data.

## COUNT I – FRAUD
**Shirley Smith-Hill v. Walden University, LLC and Laureate Education, Inc.**

23. Plaintiff incorporates paragraphs 1 through 22 as though fully set forth at length.

24. Walden and Laureate represented to Smith-Hill that if she successfully completed the required coursework and met the requirements set forth in the Guidebook, her dissertation would be acceptable and that it would award her a Doctor of Philosophy

degree.

25. In reliance on the representations of Walden and Laureate, Smith-Hill enrolled in the Doctor of Philosophy Program and paid Walden tuition in excess of $168,000.00.

26. At the time they represented to Smith-Hill that if she successfully completed the required coursework and met the requirements set forth in the Guidebook she would be awarded a Doctor of Philosophy degree, Walden and Laureate knew or should have known that individuals employed by them would impose requirements different from or in addition to those set forth in the Guidebook, and thereby deny her the Doctor of Philosophy degree for which she paid in excess of $168,000.00 in tuition.

27. Although they knew or should have known that individuals employed by them would impose different and undisclosed requirements in addition to those set forth in the Guidebook for students enrolled in the Doctor of Philosophy program, Walden and Laureate took no steps to ensure that individuals enrolled in the Doctor of Philosophy program, including Smith-Hill, would not be denied their degrees by the imposition of requirements different from or in addition to those set forth in the Guidebook.

28. As the direct and proximate result of the different and undisclosed requirements for an acceptable dissertation imposed on Smith-Hill by Dr. Burkholder and Dr. Weigand, Smith-Hill has been denied a Doctor of Philosophy degree and lost in excess of $168,000.00 paid for tuition.

29. The actions of Walden and Laureate as set forth above were outrageous, malicious, wanton and willful.

**WHEREFORE,** Plaintiff SHIRLEY SMITH-HILL demands judgment against Defendants WALDEN UNIVERSITY, LLC and LAUREATE EDUCATION, INC. jointly and serverally, for compensatory and punitive damages in excess of $150,000.00.

## COUNT II – CONSUMER PROTECTION LAW
**Shirley Smith-Hill v. Walden University, LLC and Laureate Education, Inc.**

30. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth at length.

31. Smith-Hill, by paying tuition, purchased from Walden and Laureate goods and/or services primarily for personal, family or household purposes.

32. Smith-Hill has suffered an ascertainable loss of approximately $168,000.00 as the result of different and undisclosed requirements for an acceptable dissertation being imposed on Smith-Hill by Dr. Burkholder and Dr. Weigand.

33. The methods employed by Walden and Laureate in operating the Doctor of Philosophy program in such a way that individuals employed by Walden and Laureate are permitted to impose different and undisclosed requirements for an acceptable dissertation on students are deceptive and created the likelihood of confusion and misunderstanding on the part of Smith-Hill.

**WHEREFORE,** Plaintiff SHIRLEY SMITH-HILL demands judgment against Defendants WALDEN UNIVERSITY, LLC and LAUREATE EDUCATION, INC. jointly and serverally, in an amount in excess of $150,000.00 and further demands that

the amount of damages awarded be equal to three times the actual loss sustained by SMITH-HILL as permitted by 73 P.S. § 201-9.2, plus attorney's fees and costs of suit.

**DESSEN, MOSES & ROSSITTO**

Dated: June 21, 2010     By: */s/ David S. Dessen*
　　　　　　　　　　　　　　　DAVID S. DESSEN, ESQUIRE
　　　　　　　　　　　　　　　Attorney ID # 17627
　　　　　　　　　　　　　　　Attorney for Plaintiff

　　　　　　　　　　　　　　　600 Easton Road
　　　　　　　　　　　　　　　Willow Grove, PA  19090
　　　　　　　　　　　　　　　(215) 496-2902
　　　　　　　　　　　　　　　ddessen@dms-lawyer.com